**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| YEMIN JI, derivatively on behalf of Nominal Defendant, KVH INDUSTRIES, INC., | ) Case No. CA-05-273-T |
| Plaintiff, | ) |
| v. | ) |
| MARTIN A. KITS VAN HEYNINGEN, PATRICK J. SPRATT, ROBERT W.B. KITS VAN HEYNINGEN, ARENT H. KITS VAN HEYNINGEN, MARK S. AIN, STANLEY K. HONEY, BRUCE J. RYAN AND CHARLES R. TRIMBLE, | ) |
| Defendants, | ) |
| and | ) |
| KVH INDUSTRIES, INC., | ) |
| Nominal Defendant. | |

**WAIVER OF SERVICE OF SUMMONS**

TO: William B. Federman of the law firm of Federman & Sherwood

I, Martin A. Kits Van Heyningen, acknowledge receipt of your request that I waive service of summons in the action of Yemin Ji, *derivatively on behalf of Nominal Defendant, KVH Industries, Inc. v. Martin A. Kits Van Heyningen, Patrick J. Spratt, Robert W.B. Kits Van Heyningen, Arent H. Kits Van Heyningen, Mark S. Ain, Stanley K. Honey, Bruce J. Ryan and Charles R. Trimble, Defendant and KVH Industries, Inc.,* which is docket number CA-05-273-T in the United States District Court, District of Rhode Island. I have also received two (2) copies of the Complaint in the action and a means by which I can return the signed Waiver to you without cost to me.

I agree to save the cost of service of a Summons and an additional copy of the Complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against Martin A. Kits Van Heyningen (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after August 10, 2005, or within 90 days after that date if the request was sent outside the United States.

8/30/05
Date

Brandon F. White
Brandon F. White
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210

Phone: (617) 832-1000
Fax: (617) 832-7000

As Attorney of Record for
Defendant Martin A. Kits Van Heyningen

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| YEMIN JI, derivatively on behalf of Nominal Defendant, KVH INDUSTRIES, INC., | ) Case No. CA-05-273-T |
| Plaintiff, | ) |
| v. | ) |
| MARTIN A. KITS VAN HEYNINGEN, PATRICK J. SPRATT, ROBERT W.B. KITS VAN HEYNINGEN, ARENT H. KITS VAN HEYNINGEN, MARK S. AIN, STANLEY K. HONEY, BRUCE J. RYAN AND CHARLES R. TRIMBLE, | ) |
| Defendants, | ) |
| and | ) |
| KVH INDUSTRIES, INC., | ) |
| Nominal Defendant. | |

**WAIVER OF SERVICE OF SUMMONS**

TO: William B. Federman of the law firm of Federman & Sherwood

I, Patrick J. Spratt, acknowledge receipt of your request that I waive service of summons in the action of Yemin Ji, *derivatively on behalf of Nominal Defendant, KVH Industries, Inc. v. Martin A. Kits Van Heyningen, Patrick J. Spratt, Robert W.B. Kits Van Heyningen, Arent H. Kits Van Heyningen, Mark S. Ain, Stanley K. Honey, Bruce J. Ryan and Charles R. Trimble, Defendant and KVH Industries, Inc.*, which is docket number CA-05-273-T in the United States District Court, District of Rhode Island. I have also received two (2) copies of the Complaint in the action and a means by which I can return the signed Waiver to you without cost to me.

I agree to save the cost of service of a Summons and an additional copy of the Complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against Patrick J. Spratt (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after August 10, 2005, or within 90 days after that date if the request was sent outside the United States.

8/30/05
Date

Brandon F. White

Brandon F. White
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210

Phone: (617) 832-1000
Fax: (617) 832-7000

As Attorney of Record for
Defendant Patrick J. Spratt

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| YEMIN JI, derivatively on behalf of Nominal Defendant, KVH INDUSTRIES, INC., | ) Case No. CA-05-273-T |
| Plaintiff, | ) |
| v. | ) |
| MARTIN A. KITS VAN HEYNINGEN, PATRICK J. SPRATT, ROBERT W.B. KITS VAN HEYNINGEN, ARENT H. KITS VAN HEYNINGEN, MARK S. AIN, STANLEY K. HONEY, BRUCE J. RYAN AND CHARLES R. TRIMBLE, | ) |
| Defendants, | ) |
| and | ) |
| KVH INDUSTRIES, INC., | ) |
| Nominal Defendant. | |

**WAIVER OF SERVICE OF SUMMONS**

TO: William B. Federman of the law firm of Federman & Sherwood

I, Robert W.B. Kits Van Heyningen, acknowledge receipt of your request that I waive service of summons in the action of Yemin Ji, *derivatively on behalf of Nominal Defendant, KVH Industries, Inc. v. Martin A. Kits Van Heyningen, Patrick J. Spratt, Robert W.B. Kits Van Heyningen, Arent H. Kits Van Heyningen, Mark S. Ain, Stanley K. Honey, Bruce J. Ryan and Charles R. Trimble, Defendant and KVH Industries, Inc.,* which is docket number CA-05-273-T in the United States District Court, District of Rhode Island. I have also received two (2) copies of the Complaint in the action and a means by which I can return the signed Waiver to you without cost to me.

I agree to save the cost of service of a Summons and an additional copy of the Complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against Robert W.B. Kits Van Heyningen (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after August 10, 2005, or within 90 days after that date if the request was sent outside the United States.

8/30/05
Date

Brandon F. White

Brandon F. White
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210

Phone: (617) 832-1000
Fax: (617) 832-7000

As Attorney of Record for
Defendant Robert W.B. Kits Van Heyningen

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| YEMIN JI, derivatively on behalf of Nominal Defendant, KVH INDUSTRIES, INC., | ) Case No. CA-05-273-T |
| Plaintiff, | ) |
| v. | ) |
| MARTIN A. KITS VAN HEYNINGEN, PATRICK J. SPRATT, ROBERT W.B. KITS VAN HEYNINGEN, ARENT H. KITS VAN HEYNINGEN, MARK S. AIN, STANLEY K. HONEY, BRUCE J. RYAN AND CHARLES R. TRIMBLE, | ) |
| Defendants, | ) |
| and | ) |
| KVH INDUSTRIES, INC., | ) |
| Nominal Defendant. | |

**WAIVER OF SERVICE OF SUMMONS**

TO: William B. Federman of the law firm of Federman & Sherwood

I, Arent H. Kits Van Heyningen, acknowledge receipt of your request that I waive service of summons in the action of Yemin Ji, *derivatively on behalf of Nominal Defendant, KVH Industries, Inc. v. Martin A. Kits Van Heyningen, Patrick J. Spratt, Robert W.B. Kits Van Heyningen, Arent H. Kits Van Heyningen, Mark S. Ain, Stanley K. Honey, Bruce J. Ryan and Charles R. Trimble, Defendant and KVH Industries, Inc.,* which is docket number CA-05-273-T in the United States District Court, District of Rhode Island. I have also received two (2) copies of the Complaint in the action and a means by which I can return the signed Waiver to you without cost to me.

I agree to save the cost of service of a Summons and an additional copy of the Complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against Arent H. Kits Van Heyningen (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after August 10, 2005, or within 90 days after that date if the request was sent outside the United States.

8/30/05
Date

Brandon F. White

Brandon F. White
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210

Phone: (617) 832-1000
Fax: (617) 832-7000

As Attorney of Record for
Defendant Arent H. Kits Van Heyningen

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| YEMIN JI, derivatively on behalf of Nominal Defendant, KVH INDUSTRIES, INC., | ) Case No. CA-05-273-T |
| Plaintiff, | ) |
| v. | ) |
| MARTIN A. KITS VAN HEYNINGEN, PATRICK J. SPRATT, ROBERT W.B. KITS VAN HEYNINGEN, ARENT H. KITS VAN HEYNINGEN, MARK S. AIN, STANLEY K. HONEY, BRUCE J. RYAN AND CHARLES R. TRIMBLE, | ) |
| Defendants, | ) |
| and | ) |
| KVH INDUSTRIES, INC., | ) |
| Nominal Defendant. | |

## WAIVER OF SERVICE OF SUMMONS

TO: William B. Federman of the law firm of Federman & Sherwood

I, Mark S. Ain, acknowledge receipt of your request that I waive service of summons in the action of Yemin Ji, *derivatively on behalf of Nominal Defendant, KVH Industries, Inc. v. Martin A. Kits Van Heyningen, Patrick J. Spratt, Robert W.B. Kits Van Heyningen, Arent H. Kits Van Heyningen, Mark S. Ain, Stanley K. Honey, Bruce J. Ryan and Charles R. Trimble, Defendant and KVH Industries, Inc.*, which is docket number CA-05-273-T in the United States District Court, District of Rhode Island. I have also received two (2) copies of the Complaint in the action and a means by which I can return the signed Waiver to you without cost to me.

I agree to save the cost of service of a Summons and an additional copy of the Complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against Mark S. Ain (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after August 10, 2005, or within 90 days after that date if the request was sent outside the United States.

8/30/05

Date

Brandon F. White

Brandon F. White
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210

Phone: (617) 832-1000
Fax: (617) 832-7000

As Attorney of Record for
Defendant Mark S. Ain

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

YEMIN JI, derivatively on behalf of Nominal Defendant, KVH INDUSTRIES, INC.,

Plaintiff,

v.

MARTIN A. KITS VAN HEYNINGEN, PATRICK J. SPRATT, ROBERT W.B. KITS VAN HEYNINGEN, ARENT H. KITS VAN HEYNINGEN, MARK S. AIN, STANLEY K. HONEY, BRUCE J. RYAN AND CHARLES R. TRIMBLE,

Defendants,

and

KVH INDUSTRIES, INC.,

Nominal Defendant.

) Case No. CA-05-273-T

**WAIVER OF SERVICE OF SUMMONS**

TO: William B. Federman of the law firm of Federman & Sherwood

I, Stanley K. Honey, acknowledge receipt of your request that I waive service of summons in the action of Yemin Ji, *derivatively on behalf of Nominal Defendant, KVH Industries, Inc. v. Martin A. Kits Van Heyningen, Patrick J. Spratt, Robert W.B. Kits Van Heyningen, Arent H. Kits Van Heyningen, Mark S. Ain, Stanley K. Honey, Bruce J. Ryan and Charles R. Trimble, Defendant and KVH Industries, Inc.*, which is docket number CA-05-273-T in the United States District Court, District of Rhode Island. I have also received two (2) copies of the Complaint in the action and a means by which I can return the signed Waiver to you without cost to me.

I agree to save the cost of service of a Summons and an additional copy of the Complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against Stanley K. Honey (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after August 10, 2005, or within 90 days after that date if the request was sent outside the United States.

8/30/05
Date

Brandon F. White
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210

Phone: (617) 832-1000
Fax: (617) 832-7000

As Attorney of Record for
Defendant Stanley K. Honey

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| YEMIN JI, derivatively on behalf of Nominal Defendant, KVH INDUSTRIES, INC., | Case No. CA-05-273-T |
| Plaintiff, | |
| v. | |
| MARTIN A. KITS VAN HEYNINGEN, PATRICK J. SPRATT, ROBERT W.B. KITS VAN HEYNINGEN, ARENT H. KITS VAN HEYNINGEN, MARK S. AIN, STANLEY K. HONEY, BRUCE J. RYAN AND CHARLES R. TRIMBLE, | |
| Defendants, | |
| and | |
| KVH INDUSTRIES, INC., | |
| Nominal Defendant. | |

**WAIVER OF SERVICE OF SUMMONS**

TO: William B. Federman of the law firm of Federman & Sherwood

I, Charles R. Trimble, acknowledge receipt of your request that I waive service of summons in the action of Yemin Ji, *derivatively on behalf of Nominal Defendant, KVH Industries, Inc. v. Martin A. Kits Van Heyningen, Patrick J. Spratt, Robert W.B. Kits Van Heyningen, Arent H. Kits Van Heyningen, Mark S. Ain, Stanley K. Honey, Bruce J. Ryan and Charles R. Trimble, Defendant and KVH Industries, Inc.,* which is docket number CA-05-273-T in the United States District Court, District of Rhode Island. I have also received two (2) copies of the Complaint in the action and a means by which I can return the signed Waiver to you without cost to me.

I agree to save the cost of service of a Summons and an additional copy of the Complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against Charles R. Trimble (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after August 10, 2005, or within 90 days after that date if the request was sent outside the United States.

8/30/05
Date

Brandon F. White
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210

Phone: (617) 832-1000
Fax: (617) 832-7000

As Attorney of Record for
Defendant Charles R. Trimble

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| YEMIN JI, derivatively on behalf of Nominal Defendant, KVH INDUSTRIES, INC., | ) Case No. CA-05-273-T |
| Plaintiff, | ) |
| v. | ) |
| MARTIN A. KITS VAN HEYNINGEN, PATRICK J. SPRATT, ROBERT W.B. KITS VAN HEYNINGEN, ARENT H. KITS VAN HEYNINGEN, MARK S. AIN, STANLEY K. HONEY, BRUCE J. RYAN AND CHARLES R. TRIMBLE, | ) |
| Defendants, | ) |
| and | ) |
| KVH INDUSTRIES, INC., | ) |
| Nominal Defendant. | |

**WAIVER OF SERVICE OF SUMMONS**

TO: William B. Federman of the law firm of Federman & Sherwood

I, Bruce J. Ryan, acknowledge receipt of your request that I waive service of summons in the action of Yemin Ji, *derivatively on behalf of Nominal Defendant, KVH Industries, Inc. v. Martin A. Kits Van Heyningen, Patrick J. Spratt, Robert W.B. Kits Van Heyningen, Arent H. Kits Van Heyningen, Mark S. Ain, Stanley K. Honey, Bruce J. Ryan and Charles R. Trimble, Defendant and KVH Industries, Inc.*, which is docket number CA-05-273-T in the United States District Court, District of Rhode Island. I have also received two (2) copies of the Complaint in the action and a means by which I can return the signed Waiver to you without cost to me.

I agree to save the cost of service of a Summons and an additional copy of the Complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against Bruce J. Ryan (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after August 10, 2005, or within 90 days after that date if the request was sent outside the United States.

8/30/05
Date

Brandon F. White
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210

Phone: (617) 832-1000
Fax: (617) 832-7000

As Attorney of Record for
Defendant Bruce J. Ryan

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.