UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

YEMIN JI, Derivatively on Behalf of KVH INDUSTRIES, INC.,

Plaintiff,

v.

MARTIN A. KITS VAN HEYNINGEN, PATRICK J. SPRATT, ROBERT W.B. KITS VAN HEYNINGEN, ARENT H. KITS VAN HEYNINGEN, MARK S. AIN, STANLEY K. HONEY, BRUCE J. RYAN, and CHARLES R. TRIMBLE,

Defendants,

and

KVH INDUSTRIES, INC.

Nominal Defendant.

Civil Action No. 05-273-ML

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO ABSTAIN FROM EXERCISING JURISDICTION**

Attorneys for Defendants

Brooks R. Magratten (# 3585)
VETTER & WHITE
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 (FAX)

Brandon F. White
Matthew C. Baltay
Kalun Lee
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
(617) 832-7000 (FAX)

November 3, 2005

Defendants submit this reply to Plaintiff's Opposition to Defendant's Motion to Abstain, brought pursuant to Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). Plaintiff's Opposition does not even attempt to rebut the proposition that Colorado River applies to this duplicative federal action. Instead, Plaintiff's sole response is that the present motion has been rendered moot by the recent decision dismissing without prejudice the parallel state court complaint in Mehrvar v. Kits van Heyningen, No. 04-0375 (R.I. Super. Ct.). The fact that the state court took the meaningful first step of dismissing the Mehrvar complaint without prejudice for failure to make pre-suit demand hardly renders the present motion moot. On the contrary, it demonstrates that the state court is appropriately moving the case towards final resolution -- a result which militates in favor of Colorado River abstention. Accordingly, this Court should abstain and allow the case to proceed to finality in state court.

## I. The Present Motion is Not Moot.

Plaintiff's Opposition is based entirely on his assertion that the present motion has been rendered moot by the decision handed down last month in Mehrvar. That decision, which Plaintiff attaches to his Opposition, dismissed the identical Mehrvar complaint for failure to satisfy Rule 23.1's pleading requirements for pre-suit demand or a showing of demand futility. See Mehrvar v. Kits van Heyningen, No. 04-0375, slip op. at 13 (R.I. Super. Ct. Sept. 27, 2005). That decision, however, in no way rescues Plaintiff's case from dismissal under Colorado River, but only serves to reinforce the need for abstention.

Plaintiff's argument that the Mehrvar decision renders the pending motion moot is based on a fundamental misunderstanding of that decision. Plaintiff's premise is that the Rhode Island Superior Court issued a final judgment of dismissal on September 27, 2005, triggering Mehrvar's appeal rights. But a glance at the Mehrvar decision will show that Judge Rubine's dismissal was **without prejudice,**

and so was not a final, appealable judgment. See id. at 12. Judge Rubine so ruled in order to allow Mehrvar another opportunity to cure the Rule 23.1 deficiencies in his pleading. See id.

On October 14, 2005, Mehrvar sent KVH Industries, Inc. ("KVH") a demand letter quoting some ten pages of single-space text from his complaint and demanding that KVH commence litigation. See Demand Letter to KVH (attached hereto at Ex. A).[1] While KVH is assessing matters, it is clear that the Mehrvar case is not yet over. Of course, if Plaintiff were correct that the Mehrvar ruling is a final judgment, a position to which Defendants would readily stipulate, then that decision would be accorded *res judicata* effect and would preclude Plaintiff's claims entirely. See, e.g., In re Kauffman Mutual Fund Actions, 479 F.2d 257, 267 (1st Cir. 1973) (final determination on the issue of whether demand was futile is accorded *res judicata* effect).

Finally, Plaintiff mounts an inscrutable argument to the effect that because Mehrvar was dismissed on demand futility grounds, the underlying merits of the Mehrvar complaint will never be addressed and thus Mehrvar and the present action are no longer parallel:

> Here, assuming *arguendo* that the federal and state court cases were parallel prior to the state court dismissal, the state court case is certainly not parallel to this lawsuit following its recent dismissal. In the state court case, the only issue is whether the plaintiffs failed to sufficiently plead demand futility. There is no issue, nor did the parties file any motion related to the merits of this lawsuit. Additionally, even if the state court case decision is appealed, a pending appeal based solely on whether the plaintiffs failed to sufficiently plead demand futility does not adequately protect the interest of the parties in this case regarding the actual merits of this lawsuit.

Opp. at 3-4. Plaintiff apparently is forgetting that every issue present in Mehrvar is also present here. In both of these shareholder derivative suits, the first, and perhaps last, issue to be addressed is "whether the plaintiffs failed to sufficiently plead demand futility." If Mehrvar can find a way around the court's ruling, as he is attempting to do now, the merits may be reached. Otherwise, Plaintiff is correct that the underlying merits will not be addressed. But this is as true for the present case as it is

[1] Defendants attach selected relevant portions of the twelve-page demand letter in order to remain in compliance with General Order 2002-01 of the United States District Court for the District of Rhode Island, which limits exhibits to five pages.

for Mehrvar: "If a plaintiff fails to meet the burden imposed by Rule 23.1, his suit will be dismissed upon a motion to dismiss even if he has an otherwise meritorious claim." Kaufman v. Belmont, 479 A.2d 282, 286 (Del. Ch. 1984). As explained in Defendant's Opening Memorandum ("Memorandum"), the only reason Defendants have not yet moved to dismiss the present case under Rule 23.1 (or Rule 12) is that to do so at this juncture would be inconsistent with the fundamental premise that this Court should decline to entertain this duplicative case from the outset. See Mem. at 1 n.2.

Thus, while Judge Rubine's recent ruling may ultimately mark the end of the litigation, it has not yet done so and does not have the effect of rendering the present motion moot. On the contrary, the Judge's decision demonstrates that the state court is competently guiding the derivative action towards final resolution. This Court should abstain to allow that state court process to run its course.

## II. New Authority Confirms That The Sarbanes-Oxley Count Is Spurious And So Cannot Affect The Application Of *Colorado River*.

As Defendants demonstrated in their Memorandum, the present Complaint is, in essence, a verbatim copy of the state court complaint previously filed in Mehrvar, necessitating abstention. Plaintiff's attempt to differentiate his complaint from the one in Mehrvar by tacking on a Sarbanes-Oxley Section 304 count must fail because that statute provides for no private right of action. The statutory text lacks any express grant of a private right of action, a fact which is generally fatal to a private claim. See Mem. at 14 (citing Touche Ross & Co. v. Redington, 422 U.S. 560, 576 (1979)). The cases specifically addressing the issue have concluded that there is no private right of action under Sarbanes-Oxley Section 304. See id. at 16 (citing Mehlenbacher v. Jitaru, No. 04-1118, slip op. (M.D. Fla. June 6, 2005)). After Defendants filed their Memorandum, yet another federal court issued a written decision on the same point. See Neer v. Pelino, 389 F. Supp. 2d 648, 651-57 (E.D. Pa. 2005). In Neer, a derivative action, the court thoroughly explored the law of implied rights of action, examined the text and legislative history of Section 304, and directly held that there is no private right

of action. See id.

As demonstrated by the unanimous case law, Plaintiff's Section 304 count is nothing but a "contrived federal claim" to be summarily ignored. As a result, the present case is rendered identical to the state court Mehrvar proceeding and Colorado River abstention squarely applies. Mehrvar was filed first in state court and continues to move towards final resolution; there is no valid reason to allow this "copycat" action to continue in federal court. On the contrary, allowing it to do so would only waste judicial resources, as this Court would have to re-address each issue addressed by the state court, and risk piecemeal litigation, inconsistent rulings and tension between the state and federal systems. It is inescapable that Colorado River applies and abstention is appropriate.

## III. This Court Should Dismiss This Action.

When abstaining under Colorado River, the district court has discretion either to dismiss or stay, and a decision to dismiss will not be disturbed absent abuse of discretion. See Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 947 F.2d 529, 531 (1st Cir. 1991) (affirming dismissal under Colorado River); Fuller Co. v. Ramon I. Gil, Inc., 782 F.2d 306, 311 (1st Cir. 1986) (same); Imperial Cas. & Indem. Co. v. Bellini, 753 F. Supp. 58, 61 (D.R.I. 1991) (dismissing duplicative action); DeVona v. City of Providence, 652 F. Supp. 683, 689 (D.R.I. 1987) (same).

While a stay and a dismissal may be functional equivalents in many cases because the federal court will have no further role in resolving the case in either instance,[2] a dismissal is appropriate here. The case is, after all, copied verbatim from a preexisting state case. Plaintiff Yemin Ji has no interest of his own in this derivative action and the interests of KVH will be fully protected in Mehrvar. Additionally, there is no federal interest at stake and thus no reason to retain jurisdiction. There is therefore is no reason to keep this case, even nominally, on the federal docket.

[2] See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 28 (1983) ("Thus, the decision to invoke Colorado River necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses.").

Further, a stay rather than a dismissal will "undoubtedly breed additional litigation regarding claim and issue preclusion," Ash v. Alexander, No. 99-3820, 2000 U.S. Dist. LEXIS 171, at *10 (S.D.N.Y. Jan. 12, 2000), as Defendants will seek to have state court rulings given preclusive effect in this case. Colorado River is designed to prevent such needless additional litigation, and only a dismissal will achieve such a result.

Additionally, the fact that Plaintiff here has copied and filed an identical suit suggests "some abuse of process." See DeVona, 652 F. Supp. at 686.[3] If there is anything of value to be accomplished on behalf of KVH through derivative litigation, it can be accomplished in the Mehrvar case. To the extent Plaintiff's counsel hopes to maintain the instant action so that if and when the underlying securities case settles he will still have a pending action to be considered at the settlement table, this dubious goal would be furthered by a stay, but not by a dismissal.

For all of the foregoing reasons, this Court should follow the federal courts that have recently applied Colorado River to identical and duplicative derivative actions and found that dismissal is the appropriate remedy. See Sutterfield v. Micromuse, Inc., No. 04-0893, slip op. at 12 (N.D. Cal. July 6, 2004); Ash, 2000 U.S. Dist. LEXIS 171, at *11-12; Shallal v. Elson, No. 98-8739, 1999 U.S. Dist. LEXIS 23368, at *24-25 (S.D. Fla. Apr. 12, 1999).

November 3, 2005

Brooks R. Magratten (# 3585)
VETTER & WHITE
Attorneys for Defendants
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 (FAX)

OF COUNSEL:

Brandon F. White
Matthew C. Baltay
Kalun Lee
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
(617) 832-7000 (FAX)

[3] In Devona, this Court dismissed a duplicative case under Colorado River finding that allowing the federal case to proceed would "place[] the administration of this court's caseload at the mercy of the procedural posturing of plaintiffs' attorneys." 652 F. Supp. at 688.

## CERTIFICATE OF SERVICE

TO:

Peter N. Wasylyk, Esq.
Law Offices of Peter N. Wasylyk
1307 Chalkstone Avenue
Providence, RI 02908

I hereby certify that I served on the above-named counsel a copy of the within reply memorandum by first class mail, postage prepaid, on the 3rd day of November, 2005.

______________________