UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

YEMIN JI, Derivatively on behalf of
Nominal Defendant, KVH INDUSTRIES,
INC.,
    Plaintiff,

v.                                                      CA 05-273ML

MARTIN A. KITS VAN HEYNINGEN,
PATRICK J. SPRATT, ROBERT W.B.
KITS VAN HEYNINGEN, ARENT H.
KITS VAN HEYNINGEN, MARK S. AIN,
STANLEY K. HONEY, BRUCE J. RYAN,
and CHARLES R. TRIMBLE,
    Defendants,

and

KVH INDUSTRIES, INC.,
    Nominal Defendant.

## MEMORANDUM AND ORDER

This case is before the Court on Defendants' Motion for this Court to Abstain from Exercising Jurisdiction pursuant to the Colorado River doctrine. For the reasons stated below, Defendants' motion is denied.

### I. Background

Three civil actions have been instituted concerning the corporate conduct of KVH Industries, Inc. ("KVH") and its directors. The first, Sekuk Global Enterprises v. KVH Industries, Inc., No. 04-306ML (D.R.I. filed July 21, 2004), is a federal class action alleging *inter*

*alia* that the CEO and CFO of KVH made fraudulent misstatements and omissions in connection with the offering for sale of KVH securities in violation of various federal securities laws. On August 11, 2005, this Court granted in part and denied in part Defendants' Motion to Dismiss the class action complaint. Two derivative actions were subsequently filed by two different plaintiffs. The first, Mehrvar ex rel. KVH Industries, Inc. v. Van Heyningen, 2005 WL 2385939 (R.I. Super. 2005), was filed in Rhode Island Superior Court on August 16, 2004, and the second, the instant case, was filed in this Court on June 20, 2005. Each alleges state law claims of breach of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets, unjust enrichment and insider selling. The federal action also alleges a violation of the Sarbanes-Oxley Act of 2002, § 304, 15 U.S.C. § 7243.

On August 23, 2005, Defendants filed a Motion for this Court to Abstain from Exercising Jurisdiction in the federal derivative action pursuant to the doctrine established in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). On September 27, 2005, the state action was dismissed without prejudice for the plaintiff's failure either to make a demand on the KVH board to take action with regard to plaintiff's allegations or to plead sufficiently that demand would be futile. Mehrvar, 2005 WL 2385939 at 6. Following dismissal, on October 14, 2005, the state action plaintiff Mehrvar sent a demand letter to KVH requesting that it commence litigation. As of Defendants' Reply, filed November 3, 2005, KVH has not responded to the demand letter.

II. Discussion

Plaintiff contends that the dismissal of the state action renders the present motion moot since there is no longer a parallel state action to justify Colorado River-style abstention.

Defendants argue that because a dismissal without prejudice is not an appealable final judgment, the state action is not at an end, and therefore, the request for abstention is not mooted. Defendants are right to emphasize that the state action was dismissed without prejudice, though they argue the point in service of a different end. "A voluntary dismissal without prejudice results in a *tabula rasa*. It renders the proceedings null and void and leaves the parties in the same position as if the action had never been prosecuted." Jorge v. Rumsfeld, 404 F.3d 556, 563 (1st Cir. 2005)(citing Nat'l R.R. Passenger Corp. v. Int'l Ass'n of Machinists, 915 F.2d 43, 48 (1st Cir. 1990)). While the state action here was not voluntarily dismissed, it was nonetheless dismissed without prejudice, and the effect is the same: there exists now no suit in state court resembling the instant federal derivative action against the KVH executives. If Mehrvar were to amend his complaint and re-file it in state court, the new suit would not be related to the first dismissed suit. Sandstrom v. ChemLawn Corp., 904 F.2d 83, 86 (1st Cir. 1990)(stating that a dismissal without prejudice "wipes the slate clean, making any future lawsuit based on the same claim an entirely new lawsuit unrelated to the earlier (dismissed) action.").

The Colorado River doctrine allows for abstention only in exceptional circumstances to avoid duplicative litigation. Colorado River, 424 U.S. at 817, 818. Defendants' request for Colorado River abstention here is, at best, premature. With no state suit pending, the federal action cannot be duplicative of, or parallel to, another action. Therefore, the judicial administration rationale for abstention simply does not exist in this instance.

III. Conclusion

For the foregoing reasons, Defendants' Motion for this Court to Abstain from Exercising Jurisdiction is DENIED.

SO ORDERED.

*Mary M. Lisi*

Mary M. Lisi

United States District Judge

December 6, 2005